**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONNELL RAY HILL, | No. 14-15282 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01074-SAB |
| v. | |
| M. CATE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted February 17, 2015[***]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

California state prisoner Ronnell Ray Hill appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Hill consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failed to protect him from an assault by his cellmate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). We affirm.

The district court properly dismissed Hill's Eighth Amendment claims because he failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk that Hill would be assaulted by his cellmate. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate . . . safety[.]"); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (explaining that a supervisor is liable under § 1983 only if he is personally involved in the constitutional violation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

The district court properly dismissed Hill's due process claim because he failed to allege facts sufficient to demonstrate that he possessed a liberty interest in avoiding placement in the Security Housing Unit. *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (a prisoner only has a liberty interest "when a change occurs in confinement that imposes an atypical and significant hardship . . . in

14-15282

relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)).

**AFFIRMED.**